UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY S.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C20-448-BAT

**ORDER REVERSING AND REMANDING FOR AN AWARD OF BENEFITS**

Plaintiff Kimberley S. seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ (1) erred in finding she had no severe impairments prior to the expiration of her date last insured; (2) failed to properly consider Dr. Pangilinan's 2006 medical opinion as ordered by this Court; (3) failed to properly assess her residual functional capacity; and (4) erred in finding she could perform other work. Dkt. 15. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for an immediate award of benefits.

## BACKGROUND

This case has a lengthy and complicated procedural history, which the Court will discuss as needed to decide the issues presented. Plaintiff filed applications for SSI and DIB in 2005, 2009, 2011, and 2014. The first application, filed November 1, 2005, was denied initially on

August 21, 2006. Tr. 836. Plaintiff did not seek reconsideration of that denial and it therefore became administratively final on that date. *Id.*

Plaintiff's next application, filed on April 20, 2009, is the application at issue in this case. At the first hearing on this application, only the SSI claim was before the ALJ even though plaintiff had applied for both SSI and DIB. On July 4, 2011, ALJ MJ Adams issued an unfavorable decision on plaintiff's SSI claim. Tr. 22-44. Plaintiff sought judicial review, and, on December 6, 2013, this Court reversed the Commissioner's decision and remanded the case for further administrative proceedings. Tr. 980-96.

On July 25, 2011, while the appeals process on the 2009 application was underway, plaintiff filed a subsequent application. Tr. 1473, 1490. At the hearing on this application, once again, only the SSI claim was before the ALJ. On May 8, 2013, ALJ Cheri Filion issued a favorable decision on plaintiff's SSI claim, finding plaintiff disabled as of September 18, 2011. Tr. 968-79. ALJ Filion declined to reopen plaintiff's 2005 and 2009 applications; she also deferred consideration of plaintiff's DIB claim because the complete file was not before her and because the claim encompassed a period of time which was then under judicial review. *Id.*

On remand from this Court, ALJ Adams held another hearing on the 2009 application and, on March 17, 2015, issued an unfavorable decision. Tr. 1051-63. Plaintiff appealed, and the Appeals Council found that ALJ Adams erred in his decision and remanded the case to a new ALJ to reconsider the issues in compliance with this Court's remand order.[1] Tr. 1064-69. ALJ Laura Valente held additional hearings and, on December 20, 2018, issued the unfavorable decision at issue in this appeal. Tr. 833-862.

---

[1] The Appeals Council also directed the ALJ to consolidate plaintiff's 2014 application with the 2009 application and make a new decision on the consolidated claims. Tr. 1068.

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 2

**THE ALJ'S DECISION**

The ALJ first established the period at issue. With respect to plaintiff's DIB claim, the ALJ did not find good cause to reopen plaintiff's 2005 application, which became administratively final on August 21, 2006. Tr. 837. The ALJ considered plaintiff's 2009 application and found that, although plaintiff filed an application for DIB and SSI on the same date, April 20, 2009, the DIB claim was not adjudicated past the initial level, even though plaintiff sought reconsideration of the SSI application. *Id.* The ALJ therefore considered plaintiff's DIB claim as of her April 20, 2009, application date. *Id.* The ALJ found that the period at issue for plaintiff's DIB claim was August 22, 2006, the day after the prior determination, through her date last insured of June 30, 2007. *Id.* With respect to the SSI claim, the ALJ found that the period at issue began on the application date, April 20, 2009, and lasted until September 18, 2011, the date ALJ Filion found plaintiff disabled. Tr. 838. Plaintiff does not dispute these findings. Dkt. 15 at 5.

Utilizing the five-step disability evaluation process,[2] the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since August 22, 2006. Tr. 840. The ALJ found at step two that plaintiff did not have a severe impairment from August 22, 2006, through June 30, 2007, the relevant period for plaintiff's DIB claim. *Id.* The ALJ found that from April 20, 2009, to September 11, 2018, the relevant period for plaintiff's SSI claim, plaintiff had the following severe impairments: diabetes mellitus, obesity, degenerative changes of the thoracic spine, hypertension, depression, and anxiety. Tr. 841. The ALJ found at step three that from April 20, 2009, to September 18, 2011, plaintiff's impairments did not meet or equal the

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 3

requirements of a listed impairment.[3] The ALJ found that from April 20, 2009, to September 18, 2011, plaintiff had the residual functional capacity to perform less than the full range of light work, with additional physical and mental limitations. Tr. 843. The ALJ found that plaintiff had no past relevant work but there were other jobs that exist in significant numbers in the national economy that plaintiff could perform. Tr. 850. The ALJ found plaintiff not disabled from August 22, 2006, through June 30, 2007, for purposes of her DIB claim, and not disabled from April 20, 2009, to September 18, 2011, for purposes of her SSI claim. Tr. 852.

## DISCUSSION

### A. Severe impairments prior to date last insured

Plaintiff argues that the ALJ erred by finding at step two that she had no severe impairments established prior to her date last insured for purposes of her DIB claim. Dkt. 15 at 6. At step two, a claimant must make a threshold showing that (1) she has a medically determinable impairment or combination of impairments and (2) the impairment or combination of impairments is severe. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R. § 404.1520(c), 416.920(c). An impairment is medically determinable if it results from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1508. An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The step-two inquiry has been characterized as "a *de minimis* screening device to dispose of groundless claims." *Id.* The claimant bears the burden of showing a medically determinable severe impairment. *Bowen*, 482 U.S. at 146 & n.5.

---

[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.

The ALJ found that plaintiff did not have a severe medically determinable physical or mental impairment from August 22, 2006, through June 30, 2007. Tr. 840. In making this finding, the ALJ listed visits plaintiff made to the emergency room in 2006 and 2007, where she presented with various complaints that included stomach pain, nausea and vomiting, back pain, and cellulitis. Tr. 840-41. The ALJ found that this evidence showed that plaintiff had acute, temporary physical symptoms, none of which caused any limitations lasting a continuous period of 12 months or more. Tr. 841. The ALJ therefore found that for purposes of her DIB claim, plaintiff did not have a severe physical or mental impairment. *Id.*

Plaintiff notes that in evaluating her impairments during this time, the ALJ considered only these emergency department records. Dkt. 15 at 6. Plaintiff asserts that the ALJ failed to consider all the relevant medical evidence, including evidence documenting the existence and severity of the impairments that she alleged were disabling in her April 2009 application and that were ongoing throughout the relevant period. *Id.* at 6-7. Plaintiff also notes that the ALJ failed to consider at this step the opinions of Florencio Pangilinan, M.D., who examined plaintiff in February 2006, and Shailesh Patel, M.D., who conducted a psychiatric examination in February 2006. *Id.*

The Court agrees that the ALJ erred by failing to consider all the evidence related to plaintiff's impairments. Although plaintiff had to show she was disabled during the period after the previous adjudication and before her date last insured, a window of approximately 10 months, she alleged she was disabled due to ongoing impairments that existed before and after that time period. In addition, this Court and the Appeals Council specifically directed the ALJ to reevaluate Dr. Pangilinan's opinion, dated only six months before the relevant period. A plaintiff's claim does not exist in a vacuum; evidence from before or after the relevant period can

inform the ALJ's assessment of the claim. That is especially true where, as here, medical opinions discuss longstanding and/or degenerative impairments. The ALJ erred by failing to consider the record as a whole when evaluating the existence and severity of plaintiff's impairments during the relevant period.

### B. Dr. Pangilinan's opinion

Plaintiff argues that the ALJ erred by failing to properly consider Dr. Pangilinan's opinion as this Court ordered. Dkt. 15 at 9. Dr. Pangilinan examined plaintiff in February 2006 and opined that she could frequently lift and/or carry 10 pounds; stand and/or walk at least 2 hours in an 8-hour workday; and sit, push, and pull at least 2 hours in an 8-hour workday; she must periodically alternate sitting and standing to relieve left hip lipoma discomfort; she could climb ramps and stairs and occasionally balance; she could kneel frequently and occasionally crawl; and she had no limitations in stooping, no manipulative limitations, and no visual/communicative limitations. Tr. 278.

In the July 2011 decision, ALJ Adams discussed Dr. Pangilinan's evaluation, stating that the limitations he opined were "somewhat unclear but seem to indicate that the claimant could perform sedentary work with periodic alternating of sitting and standing." Tr. 36. ALJ Adams gave greater weight to more recent medical source opinions, including the opinions from plaintiff's primary care provider Rod Thompson, M.D. *Id.*

In its December 2013 decision, this Court found that ALJ Adams erred in finding that Dr. Pangilinan's opinion was consistent with the ability to perform sedentary work when Dr. Pangilinan opined that plaintiff could sit for "at least two hours" per day. Tr. 1042-43. The Court reversed and remanded the case with instructions to reconsider Dr. Pangilinan's opinion on remand. Tr. 1048-49.

On remand, ALJ Adams issued a second unfavorable decision on March 17, 2015. In that decision, he declined to reopen plaintiff's 2009 DIB claim, finding that plaintiff had not timely appealed past denials and *res judicata* barred her claims, and that the issue of disability had been adequately addressed through September 18, 2011 by ALJ Filion's favorable decision. Tr. 1056-57. ALJ Adams did not discuss Dr. Pangilinan's opinion or any other evidence in that decision.

On September 29, 2016, the Appeals Council reversed ALJ Adams's March 2015 decision, finding that it did not address the issues identified by this Court in its order reversing and remanding the case. Tr 1066-67. The Appeals Council found that ALJ Adams's finding that the issue of disability had been adequately addressed through September 18, 2011, was not supported given this Court's remand order and the Appeals Council's subsequent order vacating the prior ALJ decision. *Id.* The Appeals Council also found that ALJ Filion, in her May 2013 decision, did not address the issue of disability before September 18, 2011, because the claim that covered that period was at that time pending before this Court. Tr. 1067. The Appeals Council directed the ALJ to give further consideration to plaintiff's RFC during the entire period at issue, including evaluating the medical opinions and explaining the weight given to these opinions. *Id.* The Appeals Council directed that the case be remanded to a different ALJ. Tr. 1068.

On remand from the Appeals Council, the ALJ stated at the hearing that Dr. Pangilinan's opinion essentially says that plaintiff cannot work a full eight-hour day and that the ALJ had no reason to disqualify that evaluation. Tr. 918. Despite these statements, the ALJ did not discuss Dr. Pangilinan's opinion when evaluating plaintiff's DIB claim. The ALJ discussed the opinion when evaluating plaintiff's SSI claim, giving it little weight on the basis that it predated the

ORDER REVERSING AND REMANDING FOR AN AWARD OF BENEFITS - 7

relevant period for that claim by more than three years and the prior administratively final determination adjudicated the period through August 21, 2006. Tr. 847.

Given the context and procedural history of this case, the ALJ's failure to discuss Dr. Pangilinan's opinion in the context of plaintiff's DIB claim was error. This Court and the Appeals Council specifically instructed the ALJ to consider that opinion and to evaluate plaintiff's RFC during the entire relevant period. Instead, the ALJ ended the analysis with respect to plaintiff's DIB claim at step two, without any discussion of Dr. Pangilinan's opinion and without assessing plaintiff's RFC during the entire relevant period.

The Commissioner argues that because Dr. Pangilinan gave his opinion during a period when the agency had adjudicated plaintiff's previous claim and found her not disabled, plaintiff cannot rely on it to show that she was disabled during the relevant period, nor can she rely on it to claim she was actually disabled during the period previously adjudicated. Dkt. 20 at 5-6. But this argument directly contravenes this Court's order to reconsider Dr. Pangilinan's opinion on remand.

The Commissioner also argues that the ALJ did not err in failing to consider Dr. Pangilinan's opinion in the context of plaintiff's DIB claim because this Court limited its ruling to plaintiff's SSI claim. Dkt. 20 at 6. This Court opened its decision by stating that plaintiff was appealing the Commissioner's decision denying her SSI application. Tr. 982. This statement reflects the fact that the record for plaintiff's DIB claim was, for unknown reasons, not before ALJ Adams at the time he made the decision at issue in that appeal, resulting in a decision on the SSI claim only. However, this omission appears to be the result of an error on the Agency's part, not plaintiff's. Moreover, in the decision at issue here, the ALJ decided that plaintiff's 2009 DIB claim was the relevant claim on remand from this Court and made a decision on that application.

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 8

The Commissioner cannot now rely on the earlier omission to avoid this Court's instruction to reconsider Dr. Pangilinan's opinion with respect to the DIB claim.

The Commissioner also argues that this Court stated it did not find error in how the ALJ had handled plaintiff's DIB application and declined to instruct the ALJ to reopen plaintiff's prior DIB claims. Dkt. 20 at 6. This argument relies on a footnote in this Court's decision stating that the ALJ had declined plaintiff's request to reopen a prior application for DIB. Tr. 983 n.1. Plaintiff had requested that on remand the record be supplemented with documentation related to the prior DIB application but did not specifically argue that the ALJ erred in declining to reopen the application. *Id.* In the absence of an assignment of error and a showing that the ALJ erred in declining to reopen the prior DIB application, the Court declined to instruct the ALJ to reopen the application on remand. *Id.*

The Commissioner argues that this footnote establishes that this Court approved of the fact that ALJ Adams did not make a decision on plaintiff's 2009 DIB application. But the Court was reviewing ALJ Adams's decision on the 2009 application; the reference to a prior application could not have meant the application then under review. This footnote does not establish that this Court affirmed the ALJ's failure to rule on plaintiff's 2009 DIB application. And again, the ALJ in the decision at issue here decided to consider plaintiff's 2009 DIB claim as the relevant claim. This determination precludes a finding now that the ALJ was not required to consider Dr. Pangilinan's opinion with respect to that application. The ALJ erred by failing to consider Dr. Pangilinan's opinion with respect to plaintiff's DIB claim.

Plaintiff argues that the ALJ's failure to consider Dr. Pangilinan's opinion with respect to her DIB claim was harmful error because it led to a finding that she had no severe impairments before her date last insured and because the ALJ's RFC finding and hypothetical to the VE

included the ability to sit for 6 hours a day and no limitations on pushing and pulling, in conflict with Dr. Pangilinan's opinion. Dkt. 15 at 12. The VE testified that a limitation to sitting for only 2 hours a day or to pushing and pulling for only 2 hours a day—limitations in line with Dr. Pangilinan's opinion—would preclude all the jobs he identified. Tr. 950. The Commissioner counters that the ALJ rejected the opinion and was therefore not required to incorporate it into the RFC finding. Dkt. 20 at 7. But the Court has determined that the ALJ erred in failing to assess this opinion in the context of plaintiff's DIB claim even though the ALJ considered and rejected it in the context of plaintiff's SSI claim. The Commissioner cannot rely on the ALJ's assessment in the context of plaintiff's SSI claim to render the error harmless.

The Commissioner also argues that the fact that Dr. Pangilinan's opinion predates plaintiff's DIB claim by only six months, as opposed to over three years for plaintiff's SSI claim, is irrelevant because the opinion predates the relevant period. Dkt. 20 at 7. An opinion that predates a claimant's alleged disability onset date may be of limited relevance. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). But the ALJ did not rely on that reason here. The Commissioner's argument is therefore an improper post hoc rationalization that this Court cannot rely on to affirm the ALJ. *See Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001).

In sum, the ALJ committed harmful, legal error by failing to consider Dr. Pangilinan's opinion in the context of plaintiff's DIB claim. This error, in turn, contributed to the ALJ's error in finding plaintiff had no severe impairments before her date last insured and resulted in an incomplete assessment of plaintiff's RFC that failed to evaluate her functioning during the entire relevant period.

### C. Remand for award of benefits

Plaintiff asks this Court to remand this case for an award of benefits. Dkt. 15 at 17-18. The Court may remand for an award of benefits where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Courts have flexibility in applying this rule and may instead remand for further proceedings where the record as a whole "creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

Plaintiff argues that this case meets all the criteria for an award of benefits. Dkt. 15 at 17. In particular, she argues that a statement made by the ALJ at the hearing that shows this case meets the third requirement. When plaintiff had difficulty recalling her functional limitations in 2006 and 2007, the ALJ stated that Dr. Pangilinan's opinion "essentially says . . . she can't really do a full eight-hour workday, is my interpretation of it, and that covers the period . . . the time period, 2006." Tr. 918. The ALJ continued, stating, "I don't have any basis to dispute—you know, to . . . disqualify that evaluation," and directed counsel to move on from questions about plaintiff's functioning in 2006. Tr. 918-19. Plaintiff argues that this statement, along with the VE testimony that a person who cannot sit for two hours in a workday and cannot push or pull for two hours in a workday cannot perform any job existing in significant numbers, shows that had the ALJ properly considered Dr. Pangilinan's opinion, the ALJ would have found her disabled before her date last insured. Dkt. 15 at 18.

Plaintiff also points to the fact that it his now been 12 years since she first filed her applications in April 2009, as well as the fact that her DIB claim was inexplicably separated from her SSI application at least twice, preventing previous ALJs from ruling on the claim in a timely manner. Dkt. 15 at 18. The Court may consider the harm to a claimant that such a lengthy delay may cause, including the harm from remanding for additional proceedings. *See Varney v. Secretary of Health and Human Servs.*, 859 F.2d 1396, 1398-99 (9th Cir. 1988) (stating, in a case where the claimant had waited over five years since applying for benefits, that "Delaying the payment of benefits by requiring multiple administrative proceedings that are duplicative and unnecessary only serves to cause the applicant further damage—financial, medical, and emotional.").

The Court finds that all the criteria for an award of benefits are met in this case. After three hearings before two different ALJs, the record has been fully developed and further proceedings would serve no useful purpose. The ALJ failed to provide legally sufficient reasons for rejecting Dr. Pangilinan's opinion, despite this Court's instructions to reevaluate that opinion on remand. And, if Dr. Pangilinan's opinion were credited as true, the ALJ would be required to find plaintiff disabled on remand, as demonstrated by the ALJ's own statements about the opinion at the hearing.

This Court has already remanded this case with instructions to reconsider Dr. Pangilinan's opinion; rather than follow these instructions, ALJ Adams issued a decision considering no evidence, resulting in a remand from the Appeals Council to a different ALJ with instructions to consider Dr. Pangilinan's opinion. The ALJ in the current decision again failed to properly consider the opinion, despite recognizing at the hearing that Dr. Pangilinan's opinion would support a finding of disability in 2006. Two different ALJs have now failed to comply

with this Court's remand instructions. It is a rare case that an award of benefits is appropriate when the error occurs at step two of the disability evaluation process. But the Court concludes that under these circumstances—including the lengthy delay, the unexplained and repeated failure to include the record for plaintiff's DIB claim at the ALJ hearings, and the repeated failure to comply with this Court's remand instructions—this is just such a case. A remand for further administrative proceedings would only serve to delay still more the award of benefits plaintiff has been seeking for 12 years. The Court therefore directs an award of benefits on remand.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for an immediate award of benefits.

DATED this 7th day of May, 2021.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge